UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DELEXIA HARRIS
Reg. No. 67142-018,

    Petitioner,

vs.                                                           Case No. 5:22-cv-154-TKW/MAL

KEVIN D. PISTRO, Psyd.,
WARDEN, F.C.I. MARIANNA

    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

This case is before the Court on Respondent's Motion to Dismiss for Failure to Exhaust Administrative Remedies and for Mootness.[1] Doc. 7. For the reasons discussed below, the undersigned concludes that the petition should be dismissed.

### I.   Procedural History

Petitioner Delexia Harris filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking sentencing credits under the First Step Act ("FSA"). Doc. 1. Respondent moved to dismiss the petition, asserting Petitioner failed to exhaust her administrative remedies, and that the petition was moot because Petitioner's FSA

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

credits were calculated and applied after she filed her petition. Doc. 7 at 1. Petitioner responded to the motion to dismiss, conceding her request for FSA credit was moot. Doc. 9. However, she sought to expand the scope of her petition to challenge her continued detention, asserting she is entitled to immediate release and that further attempts at exhaustion would be futile. *Id.* at 2.

The Court directed Respondent to reply and address (1) whether the Court should consider the additional claim and (2) any arguments with respect to the merits of that claim, should the Court decide to consider it. Doc. 10.

Respondent complied. Doc. 12. In the supplemental response, Respondent contends Petitioner failed to fully exhaust her administrative remedies and that even if she had, she is not entitled to immediate release under the FSA.

Petitioner's most recent filing is styled "Motion to Compel Judge's Order as Per 11/7/2022." Doc. 13. She essentially asks for relief on her claims and contends therein that further attempts at exhaustion would be futile. In support of her position, she relies on a recommendation entered by a Magistrate Judge in the Central District of California. *See Jones v. Engleman*, Case 2:22-cv-5292-MCS, 2022 WL 6563744 (C.D. Cal. Sept. 7, 2022), *adopting in part, rejecting in part* 2022 WL 6445565 (C.D. Cal. Oct. 7, 2022). This case is not from this district, and even if it were, "a district court's decision does not bind this Court, the district court issuing the decision, or even the judge who made the decision." *MSP Recovery Claims, Series LLC v.*

*Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021) (citing *McGinley v. Houston*, 361 F. 3d 1328, 1331 (11th Cir. 2004)).

## II.     Discussion

**A. Exhaustion is required before filing a § 2241 petition.**

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id*. Respondent has not waived the defense in this case.

The BOP has the exclusive authority to compute sentence credit awards after sentencing. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). As with other § 2241 claims, an inmate who wishes to challenge the BOP's sentencing credit calculations "must typically exhaust his or her administrative remedies with the BOP" before filing a § 2241 petition. *Id*; *see also Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden, FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because petitioner failed to exhaust administrative remedies).

To properly exhaust administrative remedies, "a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden*, FCC Coleman-USP I, 661 F. App'x 561, 562 (11th Cir. 2016). To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. The BOP's administrative remedy procedure is a multi-tier system. *See* 28 C.F.R. §§ 542.10-542.19. Before seeking formal review, an inmate generally must first attempt to resolve the matter informally by presenting her complaint to staff on a form commonly referred to as a BP-8. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may then initiate the formal review process.

The full, formal BOP administrative remedy procedure has three steps. First, the inmate must file a Request for Administrative Remedy, commonly referred to as a BP-9, with the warden of the facility. 28 C.F.R. § 542.14; *see also Forde v. Miami Fed. Dep't of Corr.*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The deadline for completion of the BP-8 and submission of the BP-9 is twenty days from the date of the incident leading to the grievance, although an extension may be granted if the inmate demonstrates a valid reason for delay. *Id*. If the inmate is dissatisfied with the warden's response to the grievance, the inmate may appeal to the Regional Director by filing a Regional Administrative Remedy

Appeal or BP-10. 28 C.F.R. § 542.15(a). This appeal must be filed within twenty days of the warden's response to the grievance. *Id*. Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the BOP's Central Office by filing a Central Office Administrative Remedy Appeal, or BP-11. 28 C.F.R. § 542.15(a). This appeal must be filed within thirty days of the Regional Director's response. *Id*. The appeal to the Central Office is the final administrative level of appeal in the BOP. To fully exhaust, an inmate must properly complete each step of the BOP administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006); *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (citation omitted); *Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 856 (11th Cir. 2020).

The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. *See* Doc. 7-1 at ¶3, ¶9. Each filing received is logged into SENTRY. *Id*. at ¶9. Remedies filed at the institutional level are given an identifying number and the appendage "- F." *Id*. at ¶ 6. Appeals of an administrative remedy maintain the same identifying number but receive the suffix "-R" (for BP-10s filed at the Regional Office) or "-A" (for BP-11s filed with the Central Office.) *Id*. Ordinarily, if a remedy is rejected at any level it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejections. *Id*. (citing 28 C.F.R. § 542.17(b)).

Adjudicating a motion to dismiss for failure to exhaust involves two steps.

*Blevins,* 819 F. App'x at 856 (*citing Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). First, the Court "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner*, 541 F. 3d at 1082 (citation omitted). In those cases where the case is not subject to dismissal at step one, the Court proceeds to step two. Step two requires the Court "to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. This case may be resolved at the first step because Respondent's exhibits clearly demonstrate Petitioner did not exhaust her administrative remedies, and no futility exception applies.

### B. Petitioner failed to exhaust her administrative remedies

The FSA permits an eligible inmate who successfully completes certain programming to earn time credits to be applied toward time in prerelease custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). Inmates can earn ten days of time credits for every thirty days of successful participation and eligible inmates can earn an additional five days of time credits for every thirty days of successful participation. *Id.* Petitioner concedes that her lone claim in her original petition, that the BOP failed to apply FSA credits, was rendered moot when the credits were awarded. Doc. 9. Therefore, the Court's discussion is limited to Petitioner's

exhaustion of the "new" claim she seeks to raise in her reply, that her earned time credits entitle her to immediate release.

Respondent has submitted the affidavit of Bridgitte Forward, Secretary to the Associate Warden at FCI Marianna, in support of its assertion that Petitioner has not exhausted her administrative remedies.[2] Doc. 7-1. Ms. Forward avers that she reviewed the SENTRY administrative remedy records for Petitioner, which reflect Petitioner has filed twenty-eight administrative remedies during her incarceration with the BOP. *Id.* at 2, ¶ 11; Doc. 7-2 at 1-16. Only one of these filings is related to the calculation or application of earned time credits under the FSA. Doc. 7-1 at 2, ¶ 12. Petitioner first attempted to resolve this matter informally on May 14, 2022. *Id.*, ¶ 13; Doc. 7-2 at 18. The matter was not resolved, and staff issued her a BP-9 form. *Id.*

On May 17, 2022, Petitioner filed AR 1120843-F1 asking her case manager to assist her by "send[ing] her name up" to the Central Office so she would receive the FSA credits. Doc. 7-1 at 3, ¶ 14; Doc. 7-2 at 20. On June 6, 2022, the Acting Warden responded. Doc. 7-2 at 22. The response informed Petitioner that FSA credits were not calculated at the local institutional level and once her case was reviewed by the Central Office, if credits were awarded, she would be notified. *Id.*

---

[2] Ms. Forward's affidavit was submitted in response to the initial petition, but the information contained therein regarding exhaustion applies equally to Petitioner's subsequent claim.

Petitioner was advised if she was dissatisfied with the response, she could appeal and that she was required to do so within 20 days. *Id.* Ms. Forward states in her October 7, 2022 affidavit that, to date, Petitioner had not filed an appeal to the Southeast Regional Office, and the issue remained unexhausted. Doc. 7-1 at 3, ¶s 14, 15.

Petitioner claims in her response to the motion to dismiss that she made "various attempts to resolve the issue at the institutional level as well as with Central Office and Region (in Atlanta and Washington, D.C.)" Doc. 9 at 1. The attachments to her response do not support this position. The only "new" document is attached to her petition is an Attempt at Informal Resolution dated October 24, 2022, well after she filed her original § 2241 petition. *See* Doc. 9 at 9, 15. Respondent acknowledges that after Petitioner filed her response to the motion to dismiss, on November 11, 2022, Petitioner filed Administrative Remedy 1140984-F1 at the institution regarding her FSA calculation. Doc. 12-3 at 17. As of the date of Respondent's supplemental response, the thirty-day period for the institutional response had not yet elapsed.

The Supreme Court has explained, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). This means full exhaustion is required. There are three levels to the BOP's formal administrative remedy process, and "[a]n inmate has not

fully exhausted [her] administrative remedies until [she] has appealed through all three levels." *Irwin v. Hawk*, 40 F.3d 347, 349 n.2 (11th Cir. 1994). Petitioner did not properly complete all levels of the BOP's administrative remedy process as to any aspect of her FSA claim and therefore her petition should be dismissed for failure to exhaust.[3]

Even if Petitioner had properly exhausted her administrative remedies, she would not be entitled to immediate release as she contends.

As noted above, the FSA permits eligible inmates to earn time credits to be applied toward time in prerelease custody or supervised release, which includes home confinement or placement at a residential reentry center. 18 U.S.C. § 3632(d)(4)(A) and (C); 18 U.S.C. § 3624(g)(2). If an inmate has a term of supervised released imposed as part of her sentence, "the Director of the Bureau of

---

[3] Petitioner's assertion that further attempts at exhaustion would be futile is not well taken. This court has held that "there are grounds for doubt that a futility exception is available on a § 2241 petition in this circuit." *Perez v. Joseph*, 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) (quoting *Tankersley v. Fisher*, 2008 WL 4371797, at *3 (N.D. Fla. September 22, 2008)), *report and recommendation adopted*, 2022 WL 2176505 (N.D. Fla. Jun. 15, 2022). The Eleventh Circuit has held that there is no futility exception applicable to the exhaustion requirement in a § 2241 proceeding. *Id.,* (citing *McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012) (rejecting argument that futility exception applicable to exhaustion prior to bringing a § 2254 petition is applicable to exhaustion requirement for a § 2241 petition); *Moore v. Colon*, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), *report and recommendation adopted*, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020) (finding argument that exhaustion would be futile inapplicable to § 2241 cases)); *cf. Jaimes v. United States,* 168 F. App'x 356, 359 (11th Cir. 2006) (holding, in case where exhaustion was jurisdictional, that petitioner's case was properly dismissed because he did not show his case involved extraordinary circumstances and explain why administrative review would prove futile); *Higginbottom v. Carter*, 223 F. 3d 1259, 1261 (11th Cir. 2000) (holding, in the context of the PLRA "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative remedies would be futile").

Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, *not to exceed 12 months*, based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d) (emphasis added). Therefore, inmates are eligible to earn and apply a maximum of 365 days of FSA credit towards early transfer to supervised release. In Petitioner's case, even if she received the maximum amount of time towards early transfer to supervised release (one year off her statutory sentence term), the earliest she could be released from custody would be January 11, 2024, one year before her statutory projected release date. *See* Doc. 12-1 at 2.[4]

Petitioner refers in passing to the forfeiture of "any previously earned or granted credits as per the Second Chance Act." Doc. 9 at 1. Respondent states that "the application of time credits under the FSA does not eliminate the consideration for Residential Reentry Center placement under the Second Chance Act." Doc. 12 at 6-7. Thus, no basis for Petitioner's claim is apparent.

Petitioner also mistakenly asserts the "Government is wrong when stating that Petitioner's Earned Time Credits will only be applied within her "twenty-four months of her release date." Doc. 9-1. Respondent explains, as the Court has seen in other cases, that the BOP prioritized inmates within 24 months of release for earned

---

[4] Petitioner's current projected release date of April 12, 2024 reflects 274 days of applied FSA credits. Doc. 12-1 at 2.

time credit review and calculations, pending the implementation of auto-calculation, which is now operational. Doc. 12 at 7-8. Petitioner was processed on October 9, 2022, rendering moot the claim in her initial petition. Now, all BOP inmates, regardless of projected release date, are being processed through the auto-calculation application, which calculates the inmate's earned time credits as the inmate completes programming. *Id.*

### III. Conclusion

Petitioner did not exhaust her administrative remedies, and even if she had, she has not shown she is entitled to relief. Therefore, the motion to dismiss should be granted and her petition should be dismissed.

Accordingly, it is **ORDERED**:

Petitioner's "Motion to Compel Judge's Order as Per 11/7/22" (Doc. 13) is **DENIED**, to the extent she requests her § 2241 petition be granted.

And the undersigned respectfully **RECOMMENDS** that:

1. Respondent's "Motion to Dismiss for Failure to Exhaust Administrative Remedies and for Mootness" (Doc. 7) be **GRANTED**.

2. The petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED**.

3. The Clerk of Court be directed to close the file.

At Gainesville, Florida, on January 17, 2023.

>  s/ *Midori A. Lowry*
>  Midori A. Lowry
>  United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**